WILLARD BUTTERFIELD *vs.* ABRAHAM ASHLEY, 2D, & another.

An action on the case, brought by a father for the enticing away of his son from his service, is not supported by proof that the defendant, knowing that the son had left his father's service without his father's consent, induced him to enter into the service of the defendant, and detained him when he wished to return.

TRESPASS ON THE CASE, for enticing away Charles H. Butterfield, the plaintiff's son, of the age of sixteen years, from his employment and service, (which were known to the defendants,) and receiving him into their employment, and sending him to sea in the ship Saratoga on a whaling voyage. Plea, not guilty.

The new trial ordered by this court, (6 Cush. 252,) was had in the court of common pleas at September term 1854, when the son, being called as a witness for the plaintiff, testified that, previously to the enticement, he left his father's house for the the purpose of going to sea, without his father's knowledge or consent; and went to New Bedford, and there saw the defendant Ashley, a part-owner of the Saratoga, who told him he would ship him in a good ship, at a good rate, and, if he would go and do well, a present should be made to him, at his return,

of as good a suit of clothes as could be had in New Bedford, and sent him to the office of the other defendant, who was agent of the ship, to make a bargain; that he informed said agent that he had run away from his father, and had not his consent to go to sea; that the agent laughed, but permitted him to sign the shipping articles, on a lay of one two-hundred-and-fiftieth; that he afterwards did not wish to go to sea, and desired to return home, but dared not, because the defendants told him, that, having signed the shipping articles, he would be put in jail, and there kept till the vessel sailed, and then be put on board.

*Bishop*, J. instructed the jury, that if the son had run away from the service of his father, who had an immediate right to that service; and the defendants, knowing that he had left his father's service, without his father's consent and against his will, retained and employed him, when he wished to return home; the plaintiff could maintain this form of action. The jury returned a verdict for the plaintiff, and the defendants alleged exceptions to this instruction.

*J. G. Abbott*, for the defendants. The evidence that the defendants, knowing that the plaintiff's son had run away from his father's service, had employed and retained him, against his will and without his father's consent, might sustain an action for harboring and employing the son, knowing that he had wrongfully left his father's service; but will not support this action for enticing him away. *Butterfield* v. *Ashley*, 6 Cush. 249. *Stuart* v. *Simpson*, 1 Wend. 376. *Hart* v. *Aldridge*, Cowp. 56. *Keane* v. *Boycott*, 2 H. Bl. 511. 3 Stark. Ev. (4th Amer. ed.) 1310. *Blake* v. *Lanyon*, 6 T. R. 221. 2 Chit. Pl. (6th Amer. ed.) 645, 646.

*B. F. Butler*, for the plaintiff. A father is entitled to the personal labor of his children during their minority; and if, by force or fraud, they are withdrawn from his power, he may recover damages for the tort, or waive the tort and sue in assumpsit. 2 Kent Com. (6th ed.) 193. Reeve Dom. Rel. 293. *Hall* v. *Hollander*, 4 B. & C. 660. *Foster* v. *Stewart*, 3 M. & S. 198. *Bishop* v. *Shepherd*, 23 Pick. 492. *Manchester* v. *Smith*, 12 Pick. 113. *Plummer* v. *Webb*, 4 Mason, 380. The defendants, having

received and retained the son, with notice that he was the plaintiff's servant, are liable in this action. *Fawcet* v. *Beavres*, 2 Lev. 63. *Blake* v. *Lanyon*, 6 T. R. 221. *Eades* v. *Vandeput*, 5 East, 39, *note*. *Keane* v. *Boycott*, 2 H. Bl. 511. *Hart* v. *Aldridge*, Cowp. 54, 56. *Butterfield* v. *Ashley*, 6 Cush. 250. *James* v. *Le Roy*, 6 Johns. 274. The enticing is sufficiently proved by the facts that the defendants, knowing that the plaintiff's son had not his assent to go to sea, and had left his service without his consent, induced and enticed the son, by the promise of a suit of clothes, to sign the shipping articles, and, by threats of imprisonment, to remain in their service. *Keane* v. *Boycott*, 2 H. Bl. 511. *Bell* v. *Lakin*, 1 M'Mullan, 364.

METCALF, J. According to the testimony given at the trial, Charles H. Butterfield wrongfully left the service of the plaintiff, his father, with intent to go to sea, and went to New Bedford, where the defendants, after he had informed them that he had thus left his father, induced him to sign shipping papers and go on a whaling voyage. This testimony does not support the declaration, which alleges that the defendants " did entice away said Charles H. from his said father, and from his said father's service." It proved (if believed) that the defendants, knowing that the said Charles H. was the son and servant of the plaintiff, unlawfully received him, then being such servant, into their service, and harbored, detained and kept him. And for such wrongful act the defendants would be liable in damages to the plaintiff, in an action properly framed.

The law on this subject is very plain, and was stated, with some care, when this case was formerly before us. 6 Cush. 249. The testimony has changed since, but not the law. To constitute enticement of a servant from his master's service, within the meaning of the law, inducements must be presented to him, while he is in that service, which cause him to leave it. After he has, of his own accord, left such service, and while he is out of it, he cannot be enticed from it. The instruction to the jury was therefore wrong, and the verdict must be set aside.

*Exceptions sustained.*